# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 06-Cr-0248 (JDB)** |
| | : | |
| **ALVARO AUGUSTIN MEJIA,** | : | |
| Defendant | : | |

*****

### ALVARO AUGUSTIN MEJIA'S OPPOSITION TO THE GOVERNMENT'S MOTION TO CONSOLIDATE AND MOTION BY MR. MEJIA FOR ADDITIONAL TIME TO RESPOND TO THE GOVERNMENT'S MOTION

Alvaro Augusin Mejia, defendant, by undersigned counsel, hereby opposes the Government's Motion and respectfully moves to adopt the arguments of codefendants in opposition to the Government's Motion for *Bruton* Hearing and its Motion to Consolidate the trial of the defendants and hereby respectfully moves for additional time to respond to the Government's Motion.

## I.      Introduction

Rule 14(a), Fed. R. Crim. P., authorizes a trial court to grant a severance of properly joined defendants if joinder "appears to prejudice a defendant or the government." The Supreme Court has defined prejudice in this context to be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). On motion of the government presumably because it had determined that joinder of the defendants would "compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt

1

or innocence," the Court had granted a severance of defendants' trial.[1]  After the recent mistrial involving defendant Constanza Bran, the government has reassessed its previous position and now seeks to try the defendants together.  As an initial matter, the government ought to be required to explain why it has changed its position about the unfair prejudice that would result from joinder of the defendants for trial.  Just like a defendant cannot seek severance "merely because they may have a better chance of acquittal in separate trials" *Zafiro,* 506 U.S. at 540, the government ought not to be allowed to join trials in the face of undue prejudice merely because it may have a better chance of conviction in a joint trial.

## II.    Procedural Posture – Need for Additional Time to Respond

As the Court knows, undersigned counsel has just recently been appointed to represent Mr. Mejia.  To date, counsel has not been able to review all the evidence produced by the government; nor has the government produced all the discovery in the case, including for example copies of the actual video and audio tapes.  Without a full understanding of the evidence, counsel is at a disadvantage to respond fully to the government's Motion including for example being able to ascertain at this time the extent to which Mr. Mejia's defense will be irreconcilable and antagonistic to those of the codefendants.  *See Zafiro v. United States,* 506 U.S. at 539 (1993) ("mutually antagonistic or irreconcilable defenses may be so prejudicial in some circumstances as to mandate severance").  Accordingly, Mr. Mejia respectfully moves to adopt the arguments of codefendants and for additional time to respond to the Government's Motion.  No prejudice to the government will

---

[1]  Undersigned counsel has been unable to review the government's previous request to sever because it apparently was done in open court rather than by written motion and counsel has not yet acquired the relevant transcript.

2

result were Mr. Mejia to be granted additional time to respond.  If the Court maintains the severance

of the defendants, it will be months before Mr. Mejia goes to trial.  If on the other hand, the Court

decides to join the cases, it will be an even longer time before counsel for all three defendants are

available for trial.  Thus, while the Court needs to decide the government's motion with respect to

Mr. del Cid Morales, no such urgency exists with respect to Mr. Mejia.

III.     **The Law**

     A.     **The Sixth Amendment Right to Confrontation and the Hearsay Rules**
           **Preclude Introduction of Redacted Statements**

Mr. Mejia objects to the introduction of the alleged statements of codefendants on the basis

that it would violate his Sixth Amendment right to confront the witnesses against him.  *See Crawford*

*v. Washington*, 541 U.S. 36, 53-54 (2004).  Whether or not they can be properly redacted to eliminate

a *Bruton* problem, the statements are also inadmissible hearsay.

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter

asserted."  Fed. R. Evid. 801(c).  Each of the post-arrest statements of the codefendants that the

government seeks to introduce are hearsay within the meaning of Rule 801(c).    Ordinarily,

admission of hearsay statements violates a defendant's rights to due process of law and the Sixth

Amendment rights to confront witnesses.  *See United States v. Crawford*, 541 U.S. 36, 68 (2004)

(when "testimonial" hearsay is at issue, "the Sixth Amendment demands what the common law

required: unavailability and an opportunity for cross-examination.")[2].

---

    [2] Testimonial statements include "*ex parte* in-court testimony or its functional equivalent ... such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," *Crawford*, 541 U.S. at 51 (internal quotation marks omitted), and "police interrogations," *id.* at 68.  *Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005).

Testimonial statements of witnesses not subject to cross-examination are admissible over a Confrontation Clause objection only when (1) the declarant is unavailable and (2) the defendant has had a prior opportunity to cross-examine. *Crawford*, 541 U.S. at 68. Even as redacted, the statements the government proposes to introduce contain facts salient to the crime which a jury may use against Mr. Mejia and which the government surely will rely upon in arguing the existence of the charged conspiracy, and which Mr. Mejia cannot confront on cross-examination, because the co-defendant declarant will not be testifying.

Further, Mr. Mejia will have no opportunity to question his codefendants' veracity, to refute their accounts, to call attention to any possible inconsistencies or discrepancies in their statements, or to delve into their motivations for confessing and implicating Mr. Mejia and the others. Hence, introduction of even the redacted statements will violate Mr. Mejia's Sixth Amendment rights to confront the witnesses against him.

An exception exists for out-of-court statements made by alleged co-conspirators introduced against a defendant to prove the truth of the matter asserted but only where the statements were made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Post-arrest statements made in response to questioning by law enforcement officers cannot be said to be either in furtherance of nor during the course of any conspiracy. Accordingly, those statements do not fall under the co-conspirator exception to the hearsay rule.

4

**WHEREFORE**, Mr. Mejia respectfully requests that the Court allow him to adopt his codefendants' arguments and deny the government's motion. In the alternative, Mr. Mejia respectfully requests that the Court grant him additional time, until his counsel is able to review all the discovery, to file a response.

Respectfully submitted,


/s/ Carmen D. Hernandez

Carmen D. Hernandez, Esquire
717 D Street, NW, Suite 310
Washington, DC 20004
(202) 628-0090; (202) 628-2881 (fax)


### CERTIFICATE OF SERVICE

 **I HEREBY CERTIFY** that a copy of the foregoing **OPPOSITION TO THE GOVERNMENT'S MOTION TO CONSOLIDATE AND MOTION BY MR. MEJIA FOR ADDITIONAL TIME TO RESPOND TO THE GOVERNMENT'S MOTION** was sent via electronic filing this 25th day of October, 2007 to the parties.

/s/ Carmen D. Hernandez

Carmen D. Hernandez, Esquire