UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIK DONAIRE CONSTANZA BRAN<br><br>and<br><br>ALVARO AUGUSTIN MEJIA,<br><br>Defendants. | Criminal Action No. 06-248 (JDB)<br><br>**FILED**<br>JAN 1 0 2008<br>Clerk, U.S. District and<br>Bankruptcy Courts |

## ORDER

Citing potential violations of Bruton v. United States, 391 U.S. 123 (1968), the government previously moved for separate trials for defendants Erik Donaire Constanza Bran, Alvaro Augustin Mejia, and Juan Daniel Del Cid Morales. On the basis of that motion, the Court severed the cases of the co-defendants. After a mistrial was declared in the case of defendant Constanza Bran, the government changed its position and moved to consolidate the cases for trial. The Court denied the government's motion for consolidation of all three defendants on October 26, 2007, and reserved ruling on the consolidation of the cases of Constanza Bran and Mejia. Meanwhile, the trial of Del Cid Morales went forward, and he was convicted on November 9, 2007. Now, once again, the government asserts that joinder would be in the interests of judicial economy and that potential Bruton violations can be prevented by redacting the statements made by Constanza Bran and Mejia.

Upon review of the parties' filings and the government's proposed redactions, however, the Court remains concerned about potential Confrontation Clause issues. Indeed, it is

enlightening that the government itself is the party that originally raised such concerns. And the Court is not persuaded that one trial instead of two would greatly enhance the interests of judicial economy -- neither trial is likely to take even two weeks. Finally, given past experience, counsel and the Court could undoubtedly have difficulty rescheduling a single trial, which could actually delay the completion of these proceedings by several months.

Accordingly, upon consideration of [153] the government's motion to consolidate, the parties' memoranda, and the entire record herein, it is hereby

**ORDERED** that the government's motion is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: January 10, 2008