UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 06-Cr-0248 (JDB) |
| | : | |
| **ALVARO AUGUSTIN MEJIA,** | : | |
| Defendant | : | |

*****

### ALVARO AUGUSTIN MEJIA'S MOTION IN LIMINE TO ALLOW IMPEACHMENT OF CONFIDENTIAL INFORMANT AS TO TRUTHFULNESS

Alvaro Augusin Mejia, defendant, by undersigned counsel, hereby respectfully requests that this Honorable Court allow his counsel to impeach the Confidential Informant ("CI") that a federal district judge and jury had disbelieved the CI's testimony in a different case.

In *United States v. Smith*, No. 8:00-Cr-451-T-17TBM (M.D. FL 2002), the CI testified against defendant Smith at trial. The jury convicted Smith of a conspiracy but acquitted him on the substantive count of possession of cocaine. Smith had testified and admitted the essential elements of the conspiracy charge but apparently denied the possession charge. At Smith's sentencing, the government presented the CI's evidence to contradict Smith's safety valve proffer. In finding that Smith had provided a truthful safety valve proffer, the district court explicitly rejected the CI's contrary testimony:

> The government has presented no adequate evidence to contradict anything to which Mr. Smith has testified. Any evidence contradicting Mr. Smith's testimony comes solely from the testimony of . . . the government's confidential informant. The Court found [the CI's] testimony not to be entirely truthful, based upon his [the CI's] extensive criminal history, his career defrauding others, his financial and immigration incentives to provide testimony favorable to the government, and his demeanor during testimony. In fact, the jury declined to believe [the CI's] testimony that Mr. Smith possessed cocaine. The Court, like the jury in this case, has not reason to take [the CI's] word over Mr. Smith's.

Sentencing Memorandum at 8.

Impeachment of the CI with regard to his prior untruthful testimony in another criminal trial is the proper subject of cross-examination, permissible under Rule 608(b), F.R.E. *See United States v. Whitmore*, 359 F.3d 609, 618 (D.C. Cir. 2004) )(cross examination of witness regarding his lying in another trial permissible). Indeed, in *Whitmore*, the government did not argue that cross-examination was impermissible under Rule 608 but rather opposed the cross-examination on the basis of Rule 403, which requires balancing of the probative nature of the evidence against the risk of unfair prejudice. *Whitmore,* 359 F.3d at 618, n. 6. The DC Circuit rejected the government's Rule 403 argument.

Noting that Rule 403 "tilts, however, as do the rules as a whole toward the admission of evidence in close cases," the DC Circuit found that the district court abused its discretion in denying cross examination on the witness' lack of truthfulness at a prior trial and reversed and remanded the case. *Whitmore* at 621.

**WHEREFORE**, Mr. Mejia respectfully requests that the Court allow him to cross examine the CI with respect to his untruthful testimony under oath in another case.

Respectfully submitted,

/s/ Carmen D. Hernandez

Carmen D. Hernandez, Esquire
717 D Street, NW, Suite 310
Washington, DC 20004
(202) 628-0090; (202) 628-2881 (fax)

2

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the foregoing **ALVARO AUGUSTIN MEJIA'S MOTION IN LIMINE TO ALLOW IMPEACHMENT OF CONFIDENTIAL INFORMANT AS TO TRUTHFULNESS** was sent via electronic filing this 27th day of February, 2008 to the parties.

                                                       /s/ Carmen D. Hernandez

                                                       Carmen D. Hernandez, Esquire